UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | No. 11-cr-1178-SVW (Habeas Case No. 13-cv-7125) | Date | October 14, 2014 |
|---|---|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

Interpreter

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Ernesto Suarez | | N/A | | Shaun Khojayan | | N/A | |

| Proceedings: | IN CHAMBERS ORDER DENYING PETITIONER SUARESZ'S MOTION TO VACATE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 [50] |
|---|---|

**I.   Findings of Fact**

After he pled guilty, Mr. Ernesto Suarez expected a sentence of about three years. Optimistically, he hoped for 37 months of in-home confinement; pessimistically, he braced for 37 months incarceration. Mr. Suarez, however, admitted that he was a repeat offender, contributing to a kind of fraud that occurred "far too much." Dkt. 48, Tr. of Sentencing, 18:13, 22:6 – 7.[1] After consulting the guidelines and considering Section 3553(a)'s factors, the Court imposed a sentence 60 months in prison. *Id.* at 19:20 – 20: 8, 21:13 – 22:19. The Court found—in light of the gravity of Mr. Suarez's crime as well as his recidivist history—that effective deterrence required a heavier sentence. *Id.* at 21:17 – 20, 17: 24 – 25, 18:10 – 11. The Court also concluded that a longer sentence was necessary to protect the public, government, and public fisk from Mr. Suarez, a serial fraudster. *Id.* at 21:25 – 22:2. And finally, the Court deemed five years as an appropriate punishment for Mr. Suarez's crime. *Id.* at 21:18 – 19; 22:10 – 11. In short, the Court imposed "the minimum sentence required to reflect the seriousness of the offense and the harm that it's done." *Id.* at 22:15 – 17.

At the evidentiary hearing, Mr. Suarez testified that the sentence left him "shocked and stunned." Immediately after the sentencing hearing, he met with his lawyer and family outside the courtroom. The events of

---

[1]   The transcript is found in the case's criminal docket, No. 2:11-CR-1178-SVW.

|  | : |
|---|---|
| Initials of Deputy Clerk | PMC |

cc: USM
    PSA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

this ten-minute conversation are at the heart of this motion. All agree that they met in the hallway. They disagree about who said what.

Mr. Suarez—still reeling from the sentence—does not remember the details of the conversation. He told his lawyer, Mr. Dean Steward, that they needed to convince the Court that the sentence was based on an erroneous appraisal of Mr. Suarez's character and criminal past. The conversation naturally turned toward an appeal, but all Mr. Suarez recalls is Mr. Steward's assessment that there were "no grounds" to appeal on.

Mr. Steward's testimony—culled from both his statements at the evidentiary hearing and in his declaration—demonstrated a more detailed recollection. He began by telling Mr. Suarez that he could appeal. He then advised him not to. He shared the story of a past case with similar facts: in that case, the Ninth Circuit rejected the appeal because the sentence was "harsh, but legal." Mr. Steward said that the Ninth Circuit would likely reach the same conclusion here. Consequently, he advised his client that the cost of an appeal likely outweighed the probability of success (even though an appeal would be in Mr. Steward's pecuniary interest). Dkt. 15, Decl. of Dean Steward, 2:18 – 3:3.[2] At no time—before, during, or after that conversation—did Mr. Suarez instruct Mr. Steward to file a notice of appeal. *Id.* at 3:4 – 5, 3:16 – 19.

Thus, Mr. Suarez's and Mr. Steward's narratives are reconcilable. The disagreement derives from Mr. Suarez's wife, Ms. Ida Gallo. According to her testimony, Mr. Suarez stated that he wanted to file an appeal, but Mr. Steward replied "that ship has sailed." Dkt. 16, Decl. of Ida Gallo, 2:9 – 17.[3] Apparently, there was no discussion about an appeal afterwards—Mr. Steward simply left the couple "alone in front of the courtroom wondering what to do next." *Id.* The Court does not credit her version. First, she has an obvious motive lie. Second, the Court finds Mr. Steward's testimony credible. And third, Mr. Steward's narrative is a more plausible account of what unfolded outside the courtroom: a veteran criminal defense attorney called upon his experience to advise his client about the merits—and costs—of an appeal, ultimately recommending that an appeal was not worthwhile. In contrast, Ms. Gallo's account is a farfetched accusation inconsistent with Mr. Steward's thorough representation throughout the case. Indeed, her testimony contradicts all other accounts.[4]

After Mr. Steward apprised his client of the difficulty he would face on appeal, Mr. Suarez acknowledged the sensibility of his lawyer's recommendation. Dkt. 15, Decl. of Dean Steward, 3:1 – 2. Although the two communicated several times over the next ten days, Mr. Suarez never raised the possibility of an appeal. *Id.* at 3:6 – 11.

---

[2] The declaration is found in the case's civil docket, No. 2:13-cv-07125-SVW.

[3] The declaration is also found in the case's civil docket.

[4] For example, Mr. Suarez and Mr. Steward testified that they consulted for five to ten minutes about an appeal. Ms. Gallo said, "Mr. Steward did not spend 10 minutes discussing an appeal with us outside the courtroom." Dkt. 16, Decl. of Ida Gallo, 2:13 – 15.

_____ : _____
Initials of Deputy Clerk     PMC

cc: USM
    PSA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**II.     Discussion**

Mr. Suarez now challenges his sentence, arguing that Mr. Steward's failure to file an appeal constituted ineffective assistance of counsel.[5]  Accordingly, Mr. Suarez must show deficient representation and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Roe v. Flores-Ortega*, 520 U.S. 470, 477 (2000) (citations omitted).  But Mr. Suarez did not instruct Mr. Steward to file an appeal.  And without an explicit directive to file an appeal, there is no *per se* ineffective assistance of counsel.  *See, e.g.*, *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) ("Mere expression of interest in appealing would not lead to the same result as telling defense counsel to appeal.").

Under certain circumstances, a lawyer's failure to consult his or her client about an appeal is unreasonable. *Id.* at 1195-96.  But Mr. Steward consulted with his client about an appeal.  Mr. Steward informed Mr. Suarez that he could appeal—as the Court did during the sentencing hearing—but explained that an appeal was not in his best interest.  Thus, Mr. Steward cannot be faulted for failing to consult about an appeal with his client.

Consequently, Mr. Suarez is left with arguing that the consultation itself was ineffective assistance of counsel.  The evidence does not support his contention.  Mr. Suarez broached the topic of an appeal.  Mr. Steward gave him his honest advice: although he could appeal, the costs did not justify the low probability of success.  Mr. Suarez acknowledged the impracticality and stopped pushing for an appeal.  There was nothing unreasonable about Mr. Steward's advice.  There is no indication he mischaracterized the available procedures.  There is no indication he misled his client about his opportunities.  And there is no indication he coerced his client into dropping his appeal.  *See, e.g.*, *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003) (convincing one's client not to proceed with an appeal—based on legitimate fears accompanying an appeal—is not ineffective representation).  In short, Mr. Suarez is attempting to fashion an ineffective assistance of counsel claim out of effective representation: he retained Mr. Steward because he is a seasoned defense attorney; when Mr. Steward drew upon his experience to advise Mr. Suarez of an appeal's potential costs and benefits, Mr. Suarez decided an appeal wasn't worth it.  His current regret over that decision is not evidence of ineffective assistance of counsel.

Moreover, Mr. Suarez has not shown prejudice.  He must prove that but-for counsel's inadequate representation, he would have appealed.  *Roe*, 528 U.S. at 486.  Although Mr. Suarez can rely on evidence of his

---

[5]     Mr. Suarez also argues that the Court had to give notice of its intention to run the sentences consecutively, and Mr. Steward's failure to object at the imposition of consecutive terms of imprisonment rendered his representation ineffective.  *United States v. Rangel* forecloses this challenge.  697 F.3d 795, 802 – 03 (9th Cir. 2012) ("Because the district court explicitly relied on § 3553(a) variance factors in determining to run the two sentences consecutively, no notice was required under Rule 32(h), which applies only to departures.").

                                                                                            :
                                                 Initials of Deputy Clerk      PMC

cc: USM
    PSA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

interest in an appeal, he must adduce more. *Id.* He has not. Admittedly, Mr. Suarez expressed initial interest in an appeal. But he ultimately conceded that an appeal was not in his best interest. Despite ample opportunity to reopen the discussion, he failed to do so. Therefore, Mr. Suarez's only evidence is his initial conviction that the he had to change the Court's decision, which is insufficient to meet his burden. *See, e.g.*, *Sarroca v. United States*, 250 F.3d 785, 789 (2d Cir. 2001) (finding no prejudice where the defendant could only show "some interest in appealing ").

**III.     Conclusion**

Mr. Suarez's motion lacks merit. Mr. Steward represented Mr. Suarez adequately. And Mr. Suarez cannot show that he would have appealed but-for the consultation. The Court therefore DENIES Mr. Suarez's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

:

Initials of Deputy Clerk     PMC

cc: USM
    PSA